On appeal to this Court, it was held :
1. That, as it is not now, and never has been, the practice in this State to give notice of the taxation of costs, or to attend the taxation, a .party against whom costs have been improperly taxed, may apply to the Court to open and correct the taxation, although he did not attend at the time of taxing :* regularly, such applications should be made, in the first instance, to the clerk,'who has the power to correct his own errors, and from whose decision an appeal would lie; but such has not been the *555 usual course, and to require it in this case might surprise-the defendant.
2. That according to the rule in Taylor v. M’Mahan, 2 Bail. 131, that a party is not entitled to tax for the attendance of a witness who was not sworn on the trial, unless it is satisfactorily shown that he was material, or was summoned in good faith, in the belief that he was so, where the right to tax does not appear from the proceedings themselves, the practice here and in England, (Tidd. Prac. 904,) is to prove it by affi. davit; and there being no affidavit in this case shewing that the witness was material, or that he was summoned in good faith, costs for his attendance were improperly taxed.
3. That, if the question, whether the plaintiff was entitled to tax costs for the special matter and argument on the motion for a new trial, were now open, the Court might hold that he was not entitled to it, because the defendant, in effect, prevailed on that motion; but it is concluded by the XC. rule of Court, (1 Con. Rep. XXVII.) which provides that the costs of this Court shall abide the event of the suit, except when special directions shall be given.*
Curia, per Johnson, J.

 Otherwise in Chancery. See Pinchback v. M’Craven, 1 Hill Ch. Rep. 414. R.